UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL McCUNE,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>PARTY CITY CORPORATION, et al.,<br><br>　　　　　Defendants. | No.  2:14-cv-00034-KJM-EFB<br><br><br>ORDER |

　　　　　Plaintiff Michael McCune requests the sealing of a document to be submitted in opposition to defendant Donahue Schriber Realty Group, LP's Motion for Summary Judgment. ECF No. 27-8.  As explained below, plaintiff's request is DENIED.

I.　　BACKGROUND

　　　A.　　Procedural History

　　　　　Plaintiff filed the Complaint on January 7, 2014, alleging ten architectural barriers and asserting causes of action for violation of the Americans with Disabilities Act ("ADA"), the Disabled Persons Act, and the Unruh Civil Rights Act, and Denial of Full and Equal Access to Public Facilities.  ECF No. 1.  Eight of the ten alleged architectural barriers were located within the interior of the Party City store, operated by defendant Party City Corporation.  Defendant Party City settled with plaintiff and was dismissed from this action on March 17, 2014.  *See* ECF

1  Nos. 7, 9.  Only two of the alleged architectural barriers relate to defendant Donahue Schriber, the
2  owner of the retail shopping center facility: that there are no accessible parking spaces at the
3  Party City store, and that at least one of the spaces designated as being accessible lacks an
4  International Symbol of Accessibility.

5        B.      *Martinez* Settlement Agreement

6        On October 20, 2008, plaintiff's counsel filed a complaint against defendant
7  Donahue Schriber and a different tenant regarding the Petco store located at the same shopping
8  center facility, titled *Tony Martinez v. Petco Animal Supplies, et al.*, Case No: 2:08-cv-02484-
9  JAM-JFM (E.D. Cal.).  In that case, the plaintiff alleged that disabled parking spaces lacked
10 access aisles.

11       In its Motion for Summary Judgment in the instant action, defendant Donahue
12 Schriber submits that in order to settle the *Martinez* action, it agreed to and did de-commission a
13 parking space and provided accessible parking elsewhere.  ECF No. 26-1 at 2.  Defendant claims
14 the parking space at issue in the instant action for allegedly lacking an International Symbol of
15 Accessibility is the same space that was de-commissioned as provided by the *Martinez* settlement
16 agreement.  *Id.* at 3–4.

17       In plaintiff's filings in opposition to defendant's Motion for Summary Judgment,
18 plaintiff does not dispute that the parking space at issue was de-commissioned as an accessible
19 space, but he disputes defendant's characterization of the *Martinez* settlement agreement.  *See*
20 ECF No. 27-1 at 2–3.  On November 20, 2015, plaintiff requested to file the *Martinez* settlement
21 agreement under seal as a supporting exhibit in opposition to defendant's Motion for Summary
22 Judgment.  ECF No. 27-8.

23 II.      LEGAL STANDARD

24       Local Rule 141 provides that "[d]ocuments may be sealed only by written order of
25 the Court, upon the showing required by applicable law."  L.R. 141(a).  The request to seal "shall
26 set forth the statutory or other authority for sealing, the requested duration, the identity, by name
27 or category, of persons to be permitted access to the documents, and all other relevant
28 information."  L.R. 141(b).

The common-law "right to inspect and copy judicial records is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). A litigant may request court records be sealed or redacted. *See id.* (listing traditional examples). In the Ninth Circuit, courts faced with requests to seal or redact begin "with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). In the context of a dispositive motion, such as one for summary judgment, the party seeking to seal or redact a document "bears the burden of overcoming this strong presumption" by "articulat[ing] compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (quoting *Foltz*, 331 F.3d at 1135 and *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)) (quotation marks and alterations omitted). Commonly cited "compelling reasons" include the need to avoid "private spite," "public scandal," and to prevent a court's records from becoming "reservoirs of libelous statement for press consumption," or "sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 589 (citations and internal quotation marks omitted). The presumption of access may not be overcome on the basis of unsupported hypothesis or conjecture. *See Hagestad*, 49 F.3d at 1434.

III.   DISCUSSION

Plaintiff requests to file under seal the settlement agreement from the *Martinez* case, as Exhibit E to plaintiff's Opposition to defendant's Motion for Summary Judgment, because the agreement contains a mutual confidentiality clause that prohibits its disclosure. ECF No. 27-8.

Plaintiff has not met the requirements for sealing provided by the Local Rules and the Ninth Circuit. Plaintiff's request simply relies on the terms of the settlement agreement itself without citing relevant case law and articulating compelling reasons for sealing. *See* L.R. 141(b); *Kamakana*, 447 F.3d at 1178–79. Because plaintiff has not satisfied the requirements for sealing, plaintiff's request is denied without prejudice to submitting a properly briefed request, if such a request may be made consonant with Federal Rule of Civil Procedure 11. In the alternative,

plaintiff may file the agreement on the public docket, or withdraw the settlement agreement as a supporting exhibit, in which case the court will not consider it in evaluating defendant's Motion for Summary Judgment. L.R. 141(e).

IV. CONCLUSION

For the foregoing reasons, plaintiff's request to seal is DENIED.

IT IS SO ORDERED.

DATED: January 11, 2016.

_____
UNITED STATES DISTRICT JUDGE